PHILOMENA D'IORIO *vs.* UNITED STATES RUBBER COMPANY.

MAY 26, 1958.

PRESENT: Condon, C. J., Roberts and Andrews, JJ.

CONDON, C. J. This is an employee's petition for workmen's compensation. The case is here on the petitioner's appeal from a decree of the workmen's compensation commission reversing the decree of a single commissioner in favor of the petitioner. In prosecuting her appeal to this court the petitioner relied upon the transcript which the respondent had procured and filed in prosecuting its appeal from the single commissioner's decree. She neither applied for nor filed any transcript of her own, nor was there any agreement between her and the respondent that she might avail herself of the transcript already on file in the case.

In these circumstances respondent filed a motion to dismiss the petitioner's appeal: "(A) On the ground that petitioner has failed to request, pay for and file a transcript of the testimony and rulings in said cause, as required by law; (B) On the ground of lack of jurisdiction." The case is before us solely for the consideration of such motion.

The basic question raised by respondent's motion may be stated as follows: Is an appellee before the full commission who has obtained a favorable decree from the single

commissioner, which decree has been reversed or modified by a decree of the full commission, required to apply and pay for, and file another transcript in order to appeal from such decree to this court? This is a novel question in this state. Its novelty arises from the fact that prior to the establishment of the workmen's compensation commission conferring upon parties the right of appeal from a decree of the single commissioner to the full commission there was no intermediate appellate tribunal vested with the power to review the action of the original tribunal solely on the record made before such tribunal. For this reason the cases in which it has been held that the procurement and filing of a transcript were necessary to perfect an appeal and give this court jurisdiction to entertain it are not decisive of the issue here. We must examine the question before us in the light of the new procedure which interposes between this court and the single commissioner an intermediate appellate tribunal whose power to review is limited to the record made before the single commissioner.

Upon consideration of the instant circumstances and in the light of that procedure, we are of the opinion that petitioner was not required to procure and file an additional transcript for the following reason. When respondent appealed to the full commission it was its duty to procure and file a transcript in order that the commission could perform its appellate function under general laws 1956, §28-35-28, and review the decree appealed from "upon the record of the case * * *." Thereafter the transcript so filed became a part of that record on appeal. It was upon that record the full commission concluded that the single commissioner erred. Nothing new was added nor could be added thereto on the respondent's appeal.

The petitioner's appeal raises a question of the correctness of the full commission's decree solely on that record. She cannot add anything thereto on her appeal to this court. For her to file another transcript, which would only

be a counterpart of the one already in the official record that must be certified to this court under her claim of appeal, would be a clear act of supererogation. A dismissal of an appeal for failure to perform such an act would be unnecessarily technical to the point of being unjust. We are therefore of the opinion that the petitioner's appeal was perfected within the reasonable meaning of the statute, that the workmen's compensation commission properly certified it here, and that it should not be dismissed.

The respondent's motion to dismiss the appeal is denied.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Ambrose W. Carroll,* for respondent.